**DISMISS and Opinion Filed September 12, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-18-00740-CV**

**DAVID GUNDERSON, HORACE WINCHESTER, STAN BRADSHAW, JERRY WILLIAMSON, GRUENEPOINTE HOLDINGS, LLC, ADORA 8, LLC, ADORA 9, LLC, ADORA 10, LLC, ADORA 14 REALTY, LLC, ONPOINTE HEALTHCARE DEVELOPMENT, LLC, U.S. FREEDOM CAPITAL HOLDINGS, LLC, U.S. FREEDOM CAPITAL, LLC, LAKI OHANA, LLC, AND ENCANTADO INVESTMENTS, LLC, Appellants**
**V.**
**KENNETH A. KRISTOFEK, Appellee**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-07674**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Evans, and Justice Brown
Opinion by Chief Justice Wright

Appellants David Gunderson, Horace Winchester, Stan Bradshaw, Jerry Williamson, GruenePointe Holdings, LLC, Adora 8, LLC, Adora 9, LLC, Adora 10, LLC, Adora 14 Realty, LLC, OnPointe Healthcare Development, LLC, U.S. Freedom Capital Holdings, LLC, U.S. Freedom Capital, LLC, Laki Ohana, LLC, and Encantado Investments, LLC (collectively appellants) appeal from the trial court's interlocutory order granting appellee Kenneth A. Kristofek's motion for summary judgment for declaratory judgment of entitlement to advancement of attorney's fees. Before the Court is Kristofek's motion to dismiss the appeal for want of jurisdiction.

Kristofek is a former officer of GruenePoint Holdings. After appellants asserted counterclaims, Kristofek filed a "Motion for Traditional Summary Judgment for Declaratory Judgment of Entitlement to Advancement." He sought advancement of his legal fees pursuant to a provision in GruenePoint Holdings' Amended and Restated Limited Liability Company Agreement.

On June 12, 2018, the trial court signed an order granting Kristofek's motion for summary judgment. GPH filed a notice of appeal stating in a footnote that, although the advancement order is styled as a summary judgment, "in substance" it is actually an order granting a temporary injunction and is, therefore, an appealable interlocutory order pursuant to section 51.014(a)(4) of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (West Supp. 2017). Kristofek has filed a motion to dismiss the appeal disputing that it is an appealable interlocutory order granting a temporary injunction.

A temporary injunction is intended to preserve the status quo of the litigation's subject matter. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). An applicant seeking a temporary injunction must plead and prove: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *See id*. Advancement of legal fees pursuant to a contractual provision is not related to the subject matter of the litigation.

The El Paso court of appeals has addressed the argument that a claim for advancement should be brought as an application for temporary injunction. *See In re Aguilar*, 344 S.W.3d 41 (Tex. App.—El Paso 2011, orig. proceeding). The court rejected that argument and concluded there is no basis for requiring a party to meet the requirements for a temporary injunction in seeking an advancement of legal fees. *See id*. at 55. The court held that a motion for summary judgment was a proper vehicle for bringing such an advancement claim. Recognizing that the order denying

advancement of fees in that case was not subject to an interlocutory appeal, the court held that mandamus was the proper remedy. *Id.* at 56.

Because an advancement order does not preserve the status quo of the subject matter of the underlying lawsuit, we cannot construe it as a temporary injunction. *See Butnaru*, 84 S.W.3d at 204. An advancement order is properly reviewable by mandamus. *See Aguilar*, 344 S.W.3d at 56; *see also In re Calce*, No. 05-18-00647-CV, 2018 WL 2928098, at *1 (Tex. App.—Dallas June 12, 2018, orig. proceeding) (mem. op.).

We lift the stay granted by this Court's July 3, 2018 order. We grant Kristokek's motion and dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

180740F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

DAVID GUNDERSON, HORACE
WINCHESTER, STAN BRADSHAW,
JERRY WILLIAMSON,
GRUENEPOINTE HOLDINGS, LLC,
ADORA 8, LLC, ADORA 9, LLC,
ADORA 10, LLC, ADORA 14 REALTY,
LLC, ONPOINTE HEALTHCARE
DEVELOPMENT, LLC, U.S. FREEDOM
CAPITAL HOLDINGS, LLC, U.S.
FREEDOM CAPITAL, LLC, LAKI
OHANA, LLC, AND ENCANTADO
INVESTMENTS, LLC, Appellants

On Appeal from the 101st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-16-07674.
Opinion delivered by Chief Justice Wright.
Justices Evans and Brown participating.

No. 05-18-00740-CV          V.

KENNETH A. KRISTOFEK, Appellee

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee KENNETH A. KRISTOFEK recover his costs of this appeal
from appellants DAVID GUNDERSON, HORACE WINCHESTER, STAN BRADSHAW,
JERRY WILLIAMSON, GRUENEPOINTE HOLDINGS, LLC, ADORA 8, LLC, ADORA 9,
LLC, ADORA 10, LLC, ADORA 14 REALTY, LLC, ONPOINTE HEALTHCARE
DEVELOPMENT, LLC, U.S. FREEDOM CAPITAL HOLDINGS, LLC, U.S. FREEDOM
CAPITAL, LLC, LAKI OHANA, LLC, AND ENCANTADO INVESTMENTS, LLC.

Judgment entered September 12, 2018.